UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff/Respondent, ) | Criminal Action No. 6: 07-103-DCR-01 |
| ) | and |
| V. ) | Civil Action No. 6: 12-7200-DCR |
| ) | |
| ROCKY BRUMMETT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
|    Defendant/Movant. ) | |

*** *** *** ***

This matter is pending for consideration of Defendant/Movant Rocky Brummett's *pro se* "Motion to Re-open" the Court's Memorandum Opinion and Order and corresponding Judgment regarding the motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 282] In the opinion dismissing the § 2255 motion, the Court denied Brummett relief because of the valid and enforceable waiver provision contained in his plea agreement. [Record No. 264, p. 9] Additionally, the Brummett's substantive claims were meritless. [*Id.*, pp. 9−25] The defendant now seeks to "re-open" this matter, arguing that the Court should have held an evidentiary hearing on his claims regarding ineffective assistance of counsel and the voluntariness of his guilty plea. The Court construes this motion as a request for reconsideration. For the reasons outlined below, Brummett's motion will be denied.

**I.**

Brummett was charged with conspiring to knowingly and intentionally manufacture fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

- 1 -

[Record No. 1]  He was initially represented by appointed counsel Fred White.  When attorney White left practice to go on the state bench, Jason Kincer was appointed to represent Brummett.  [Record Nos. 18; 61]  Because Kincer filed a motion regarding Brummett's intent to pursue an insanity defense, the Court analyzed Brummett's competency during April through October 2008, determining that he was competent to stand trial.  [Record No. 111]  Shortly thereafter, Brummett filed a *pro se* motion for substitution of counsel.  As a result, the Court appointed attorney Willis Coffey to represent Brummett on November 5, 2008.  [Record No. 137]

On December 4, 2008, Brummett signed a written Plea Agreement.  [Record No. 187, p. 4]  One week later, he pleaded guilty to the charge outlined above.  [Record No. 141]  On Thereafter, the Court sentenced Brummett to a 240-month term of imprisonment [Record No. 191], declining to apply a downward departure under U.S.S.G. §§ 5H1.6 or 5K1.1.  [Record Nos. 206, p. 29; 207]  Brummett unsuccessfully appealed this sentence.  *United States v. Brummett*, 402 F. App'x 126 (6th Cir. 2010).  Subsequently, the Supreme Court denied his petition for a writ of certiorari.  *Brummett v. United States*, 563 U.S. 912 (2011).

On March 5, 2012, Brummett filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that: (1) his counsel was ineffective in violation of the Sixth Amendment; (ii) his guilty plea was involuntary; and (iii) his constitutional rights were violated in several other ways.  [Record No. 224]  United States Magistrate Judge Hanly A. Ingram addressed each of Brummett's claims in a Recommended Disposition issued July 17, 2013.  [Record No. 257] The undersigned adopted the Recommended Disposition, dismissing Brummett's § 2255 motion because: (i) the ineffective assistance of counsel claims were not pleaded with

specificity; (ii) Brummett voluntarily, knowingly, and intelligently entered the guilty plea; and (iii) the waiver of collateral attack in the Plea Agreement was valid and enforceable. [Record No. 264, pp. 9, 16, 18, 20] Finally, the Court determined that an evidentiary hearing was not required and that a Certificate of Appealability should not issue with respect to any of Brummett's claims. [*Id.*, pp. 26−27]

## II.

District courts review motions to reconsider under the same standard as motions to alter or amend under Rule 59(e) or motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil of Procedure. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982); *see also Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). However, Rule 59(e) motions for reconsideration must be filed no later than 28 days after entry of the applicable order. Fed. R. Civ. P. 59(e). Because Brummett filed the present motion more than 28 days after the Court's denial of his § 2255 motion, only Rule 60(b) relief is available. *See* Fed. R. Civ. P. 60(c)(1); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

> A Rule 60(b) motion may be granted where the movant demonstrates:
>
> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Brummett has not made such a showing here.

### III.

Brummett appears to argue under either Rule 60(b)(1) or 60(b)(6)[1] that the Court erred in its October 28, 2013 Memorandum Opinion and Order. In his motion for reconsideration, he claims that he presented mitigating evidence to Attorneys Kincer and Coffey but that both of them ignored the evidence and failed to conduct an "independent investigation" of his case. [Record No. 282, pp. 1−2] Next, he alleges that, during his first meeting with Coffey, attorney Coffey "coercively informed Petitioner that if he did not enter a guilty plea, he (Coffey) would go to trial with only the discovery from the government, and Petitioner would be found guilty and would receive a very large sentence." [*Id.*, p. 2]

In support, Brummett contends that the Court failed to "visit the time of the claimed offense, the pre-plea proceedings . . . . Petitioner's primary claim in his prior 2255 motion was that he was forced to plead guilty, to avoid going to trial with a[n] unprepared defense . . . ." [Record No. 282-1, p. 4] Specifically, the defendant takes issue with the fact that attorney Kincer only had three weeks to prepare for trial. [*Id.*, p. 5] Additionally, he claims that attorney Coffey informed him that "he had to plead guilty today (December 4, 2008) or go to trial." [*Id.*] Essentially, Brummett contends that the record conclusively demonstrates his intent to proceed to trial, but-for Coffey's coercion. [*Id.*, p. 6]

Further, Brummett argues that the Court "adopted a *per se* rule excluding all the possibility that the plea was a product of such factors as misunderstanding, duress, or

---

[1]  Because Brummett filed the present motion over a year after entry of the October 28, 2013 Judgment, his arguments cannot be considered under Rule 60(b)(1). *See* Fed. R. Civ. P. 60(c)(1). The Court notes that Rule 60(b)(6) "requires a showing of 'extraordinary circumstances.'" *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that "[s]uch circumstances will rarely occur in the habeas context").

misrepresentation" when it determined that the Rule 11 inquiry was proper. [*Id.*] Moreover, Brummett alleges that Coffey promised him that he would receive certain reductions at sentencing. [*Id.*, pp. 7−8] Finally, he claims that he was entitled to an evidentiary hearing based on the facts he proffered in his motion. [*Id.*, p. 8]

In the present motion, Brummett largely rehashes arguments previously made and rejected by this Court. With respect to his claim that Kincer was ineffective, the defendant fails to explain why that claim was not rendered moot by the appointment of new counsel. [*See* Record No. 264, p. 11.] And regarding Coffey's alleged ineffectiveness, Brummett still fails to "explain how Coffey failed to submit his case to meaningful adversarial testing, aside from his general allegation of a lack of investigation which is insufficient under *Strickland*." *See Strickland v. Washington*, 466 U.S. 668, 691 (1984). [*Id.*] Nor does he "argue with sufficient specificity how the particular actions of Kincer and Coffey caused to him plead guilty and not go to trial." [*Id.*, p. 12] Simply put, Brummett cannot demonstrate prejudice under *Strickland*, 466 U.S. at 694.

Further, Brummett's contention that Coffey informed him that he would rely only on the United States' evidence at trial, resulting in a larger sentence for the defendant, is unpersuasive because he fails to articulate what mitigating evidence Coffey could have otherwise used. Consequently, he cannot demonstrate prejudice under *Strickland*, 466 U.S. at 694, regarding this claim.

Next, Brummett's assertion that the Court failed to evaluate the pre-plea proceedings is simply untrue. Although the "facts" section of the Memorandum Opinion and Order contained only a brief review of the pre-plea proceedings, the Court addressed the facts

surrounding the defendant's plea when analyzing the ineffective assistance of counsel claims. [*See* Record No. 264, pp. 4, 10−12.] Likewise, Brummett's argument that the Court adopted a *per se* rule resulting in its failure to properly analyze the voluntariness of the plea is incorrect.[2] *See Fontaine v. United States*, 411 U.S. 213, 214 (1973). Although the Court concluded that the plea was voluntary after reviewing the extensive re-arraignment colloquy [Record No. 264, pp. 19−20], the Court also reviewed the impact of the attorneys' alleged ineffectiveness on the plea, concluding that Brummett failed to demonstrate either deficient performance or prejudice under *Strickland*, 466 U.S. at 690. [*Id.*, pp. 10−18]

Brummett's claim that Coffey promised him he would receive certain reductions is not properly brought in a motion for reconsideration because it alleges a new fact.[3] In any event, any alleged promise was cured by the extensive colloquy conducted at the re-arraignment hearing. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). [Record No. 205, pp. 11−20] For example, Brummett stated that no one promised him anything to induce him to plead guilty. [*Id.*, p. 12] In addition, the Court advised him of the relevant statutory penalties and the manner in which the Sentencing Guidelines would be considered. [*Id.*, pp. 13−16]

Finally, the Court did not err in determining that an evidentiary hearing was not needed concerning Brummett's § 2255 motion. An evidentiary hearing is not required where the movant's allegations are "conclusions rather than statements of fact." *Arredondo v.*

---

[2] The defendant cites *Blackledge v. Allison*, 431 U.S. 63 (1977). [Record No. 282-1, p. 7] However, in that case, the Supreme Court was particularly concerned with the fact that there was no transcript of the plea hearing. *Id.* at 77. That case presents an entirely different situation from Brummett's.

[3] Brummett incorrectly asserts that this fact was presented in his habeas motion.

*United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks and citation omitted). Moreover, such a hearing is not required where "the record conclusively shows that the petitioner is entitled to no relief." *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

In summary, Brummett largely reiterates conclusions regarding his attorneys' alleged ineffectiveness, instead of offering relevant facts. However, to the extent he presents factual issues, the record conclusively shows that: (i) his attorneys were not deficient and he was not prejudiced by any alleged deficiencies; (ii) the re-arraignment colloquy cured any misunderstandings regarding the plea; and (iii) Brummett validly waived his right to collaterally attack his conviction. As a result, an evidentiary hearing was not required. *See Blanton*, 94 F.3d at 235.

Accordingly, it is hereby

**ORDERED** that Defendant Rocky Brummett's motion for reconsideration regarding the Court's October 28, 2013 Memorandum Opinion and Order and corresponding Judgment [Record No. 282] is **DENIED**.

This 8th day of June, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge