UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 07-103-DCR |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| ROCKY BRUMMETT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Rocky Brummett pleaded guilty on December 11, 2008, to one count of conspiring to manufacture 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 141] The Court sentenced Brummett on April 7, 2009, to 240 months' imprisonment and 10 years of supervised release. [Record Nos. 186 and 191]

Brummett has filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("the Act"), Pub. L. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. [Record No. 350] He claims that two different "extraordinary and compelling reasons" justify relief: (1) he would not be subject to a 20-year statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A) if he were sentenced today after the Act's passage; and (2) he has been exposed to asbestos while working in prison. [Record No. 350, pp. 2-5] The United States responded to the motion on March 26, 2020, arguing that Brummett's grounds for relief are not among those prescribed by United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. [Record No. 353] Having considered the matter, the Court will deny Brummett's motion.

- 1 -

## I.

The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce their sentences or obtain compassionate release. However, a defendant may only file such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Brummett has failed to demonstrate that he has exhausted administrative remedies for either of his stated grounds for relief.

Brummett's motion and its attached documents contain no indication that his first ground for relief was submitted to the warden. His memorandum states that he submitted his request to the warden on February 18, 2020, and it was denied on February 20, 2020, without specifying which claims he raised.[1] [Record No. 350-1] Likewise, the warden's denial of his claim does not specify what claims were raised administratively. [Record No. 350-1, p. 3] No other document attached to the motion relates to the first ground for relief, as they all concern his second argument concerning exposure to asbestos. [Record Nos. 350-2] Therefore, Brummett has failed to demonstrate that he has exhausted his first ground for relief relating to the § 841(b)(1)(A)'s recent amendment.

More importantly, his motion and its attachments indicate that he has failed to exhaust administrative remedies on both grounds for relief because he has not (and likely cannot) show that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[1] Brummett's "memorandum in support" exclusively addresses the issue of exhaustion. [Record No. 350-1] His substantive arguments for relief are contained in the motion itself. [Record No. 350]

bring a motion" on his behalf as required by § 3582(c)(1)(A). Brummett requested that the warden bring a motion for a reduction in sentence on an unspecified ground on February 18, 2020, and the request was denied two days later. Because the warden explicitly denied his request, Brummett needed to exhaust his administrative remedies to *appeal* the warden's denial before filing. 18 U.S.C. § 3582(c)(1)(A). The pertinent appellate process is outlined in the Bureau of Prisons' ("B.O.P.") Administrative Remedy Program, which provides:

> [a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended. Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a); *see also* B.O.P. Program Statement 5050.50 § 571.63 (citing the Administrative Remedy Program appellate procedure as the proper method of administratively appealing a denied § 3582(c)(1)(A) request).

Brummett does not allege or demonstrate that he appealed a claim asserting either ground for relief to the regional director and general counsel. And it would have been difficult for him to do so in the time between the warden's February 20 denial of his request and the filing of the pending motion dated March 2, 2020. [*See* Record Nos. 350 and 350-1, p. 3]

In summary, Brummett has failed to demonstrate that he exhausted his administrative remedies on both grounds for relief. His motion must be dismissed because he has not met § 3582(c)(1)(A)'s procedural requirements.

II.

Even assuming Brummett had exhausted his administrative remedies as required by § 3582(c)(1)(A), the Court declines to grant the relief requested. Section 3582(c)(1)(A) does not offer much guidance regarding the circumstances justifying compassionate release or a sentence reduction. The statutory section, however, provides that a sentence reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." The United States Sentencing Commission has promulgated a policy statement that, in relevant part, allows a court to grant compassionate release or a sentence reduction where: "(1) extraordinary or compelling reasons [] warrant a reduction in a defendant's sentence, (2) [] the defendant is not a danger to the safety of others or the community, and (3) [] release from custody complies with § 3553(a) factors." *United States v. Lake*, 5: 16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)).

Here, after reviewing the motion and the record of this action, the Court finds that Brummett has not stated extraordinary and compelling reasons that justify a sentence reduction. Simply put, the defendant is a danger to the safety of others as well as the community, and the 18 U.S.C. § 3553(a) factors weigh against a reduction. Therefore, the Court finds that a reduction is inappropriate.

A.

Brummett's stated grounds for relief do not constitute extraordinary and compelling reasons under U.S.S.G. § 1B1.13. The application notes to the policy statement provide that certain circumstances that fall within the categories "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons" determined by the B.O.P. may

constitute extraordinary and compelling reasons.[2] U.S.S.G. § 1B1.13 n. 1. It is conceivable that his asbestos-based ground for relief could constitute a "medical condition of the defendant" for the purposes of U.S.S.G. § 1B1.13 n.1(A). But Brummett makes no assertion that his asbestos exposure has resulted in terminal illness and has not demonstrated that his ability to provide self-care in his correctional facility has been substantially diminished. He also provides no test results that demonstrate any asbestos-related injuries. He only provides

---

[2] The application notes specifically state that extraordinary and compelling reasons include:

>   (A) Medical Condition of the Defendant.—
>       (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>       (ii) The defendant is—
>           (I) suffering from a serious physical or medical condition,
>           (II) suffering from a serious functional or cognitive impairment, or
>           (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>   (C) Family Circumstances.
>       (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>       (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>   (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 n. 1(1).

a November 13, 2019 B.O.P. "Health Services Consultation Request" and asserts, without documentation, that he was "screened" by non-prison medical professionals on December 24, 2019. [Record Nos. 350, p. 4 and 350-2, p. 7] Further, the Act's amendment of § 841(b)(1)(A) is clearly not a circumstance that falls within the policy statement's four categories of claims that may justify a sentence reduction.

Brummett seems to understand that his grounds do not fall within U.S.S.G. § 1B1.13 n. 1 as written. He correctly notes that the Sentencing Guidelines have not been amended since the Act's passage and realizes that they cannot be amended at this time because the Sentencing Commission currently has only two voting members. [Record No. 350, p. 7]

As a result of the foregoing, Brummett argues that the Sentencing Commission's policy statement no longer limits the Court's consideration of his purported extraordinary and compelling reasons for a sentence reduction because the Act allows prisoners to file § 3582(c)(1)(A) motions while § 1B1.13 n. 1 presupposes that only the B.O.P. may bring these motions on a prisoner's behalf. [*Id.* at pp. 6-9] He cites a line of cases where district courts have indicated that defendants themselves may now specify "other reasons" for relief that are not determined by the B.O.P. due to a perceived inconsistency between the Act and the older policy statement. [*Id.* (citing *United States v. Maumau*, No. 2: 08-cr-00758-TC-11, 2020 WL 806121, at *1 (D. Utah Feb. 18, 2020); *United States v. Brown*, 411 F. Supp. 3d 446 (S.D. Iowa 2019); *United States v. Urkevich*, 8: 03CR37, 2019 WL 6037391, at *1 (D. Neb. Nov. 14, 2019); *United States v. Beck*, 1: 13-CR-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1: 05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Texas June 17, 2019)).]

However, as the United States notes [Record No. 353, p. 6], this Court has endorsed the continued authority of § 1B1.13 n. 1 under the Act. *E.g.*, *United States v. Washington*, No. 5: 13-020-DCR, 2019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019); *Lake*, 2019 WL 4143293, at *2-3. In *Washington*, the Court specifically rejected an argument based on *Cantu's* conclusion that courts may consider defendants' stated "other" extraordinary and compelling reasons for compassionate release after the Act's passage despite the explicit language of § 1B1.13 n. 1. *Washington*, 2019 WL 6220984, at *1-2.

Here, the Court similarly finds that § 1B1.13 n. 1's four categories of extraordinary and compelling reasons continue to apply to motions for sentence reductions or compassionate release. And because Brummett's grounds for relief do not accord with any of these categories, he cannot successfully obtain a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**B.**

The record also demonstrates that Brummett remains a danger to others and the community. *See Lake*, 2019 WL 4143293, at *2. The conduct relating to the offense of conviction as well as Brummett's criminal history evidence this point, and Brummett does not offer any argument to the contrary. The offense underlying his conviction involved a conspiracy to manufacture methamphetamine that occurred from June 17, 2005, to January 11, 2007. [Record No. 1] The Presentence Investigation Report ("PSR") states that Brummett himself manufactured the drug and the conspirators "supplied the greater Laurel County area [with] methamphetamine" during this nearly nineteen-month period. [PSR ¶ 45] Brummett's co-conspirators travelled to multiple states to purchase or steal materials for the defendant to manufacture methamphetamine. [*E.g.*, PSR ¶ 44] On at least one occasion, the co-conspirators committed a robbery to obtain over the counter drugs for Brummett's operation. [PSR ¶ 36]

These activities relate to Brummett's conviction and support the conclusion that he is a danger to others and the community at-large.

Brummett also has a significant adult criminal history that further demonstrates that he remains a danger to the community. He has four prior convictions spanning from 1997 to 2006 involving controlled substances, and at least three involved methamphetamine or other amphetamines. [PSR ¶¶ 94-96, 98] Two of these are felony convictions. [PSR ¶¶ 96, 98] And one of these convictions involved Brummett's introduction of marijuana into the Laurel County Detention Center. [PSR ¶ 98] Brummett has two additional 2005 and 2006 arrests involving methamphetamine manufacture and possession that are not directly related to his federal conviction. [PSR ¶¶ 113 and 114] The defendant also has two prior arrests for assault and one prior arrest for second degree wanton endangerment stemming from an incident where he struck an individual with an automobile. [PSR ¶¶ 109-111]

Brummett's criminal history indicates that he would be a danger to others and the community if he were to be released early. His adult drug-related conduct evidences that he has continually engaged in drug possession and trafficking activities throughout his adult life. And although he has not been convicted for his physical altercations with individuals, the three charges demonstrate a pattern of violence that similarly threatens the safety of others.

The Court should not reduce a sentence if the defendant requesting such relief is a danger to the safety of others and the community. The conduct relating to the offense underlying Brummett's federal conviction and criminal history clearly demonstrates that he is dangerous, and the Court will not grant a sentence reduction under the facts presented.

## C.

A sentence reduction also would be inappropriate in this case because the 18 U.S.C. § 3553(a) factors weigh against granting the § 3582 motion. The first § 3553(a) factor, "the nature and circumstances of the offense and the history and characteristics of the defendant" does not favor a sentence reduction. *See* 18 U.S.C. § 3553(a)(1). As noted, Brummett was involved in a large-scale and long-running conspiracy and manufactured methamphetamine that was distributed throughout Laurel County. And although he was employed from 1982 to 2001 [PSR ¶¶ 130-131], his extensive criminal history from 1997 to 2007 evidences consistent drug-related activities and violent conduct.

The second factor also weighs against granting the present motion. The defendant's conduct reflects a significant need to promote respect for the law, afford adequate criminal deterrence, and protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). The sentence imposed, 240 months' imprisonment to be followed by 10 years of supervised release, furthers these goals while providing just punishment and reflecting the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

The defendant's ground for relief based upon the Act's amendment of § 841(b)(1)(A) warrants discussion of two other factors, "the kinds of sentences available" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(4) and (6). Brummett was subject to an enhanced statutory penalty because he had been convicted of a prior felony drug offense, possession of a controlled substance in the first degree. [Record No. 75; PSR ¶ 96; 21 U.S.C. §§ 841(b)(1)(A) (2008) and 851] The Court accordingly imposed a sentence that accounted

for the 20-year statutory minimum term of imprisonment prescribed by the 2008 version of § 841(b)(1)(A). [Record No. 191; 21 U.S.C. § 841(b)(1)(A)] The Court was obligated by statute to impose this term of incarceration at the time of Brummett's April 7, 2009 sentencing hearing, and other defendants with prior felony drug convictions who had violated § 841(b)(1)(A) would have been subject to the same enhancement, assuming their conduct did not result in death or serious bodily injuries. The statute limited the Court's ability to impose a different kind of sentence, and there was no significant sentencing disparity.

Brummett is correct to note that the Act amended § 841(b)(1)(A) to prescribe a 15-year statutory minimum for defendants with prior serious drug felonies, *see* Pub. L. 115-391, § 401(a), 132 Stat. 5194, 5220, but this amendment is not retroactive. *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("[T]he First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment.'" (citing Pub. L. No. 115-391, 132 Stat. 5194, § 401(c))). Therefore, Brummett's 240-month term of imprisonment accords with the Act, and its amendment of § 841(b)(1)(A) should not cause significant sentencing disparities with other defendants moving for sentence reductions on similar grounds.

The § 3553(a) factors weigh against granting Brummett's § 3582(c)(1)(A)(i) motion. Accordingly, even if Brummett had demonstrated extraordinary and compelling reasons and that he was not a danger to others and the community, a sentence reduction would not be appropriate.

### III.

Brummett has not demonstrated that he has administratively exhausted his claims as

required prior to filing a motion with the Court for a sentence reduction under § 3582(c)(1)(A). But notwithstanding this failure, the Court declines to grant the motion because Brummett has not offered grounds that constitute extraordinary and compelling reasons for relief. He remains a danger to others and the community, and the § 3553(a) factors weigh against granting the relief sought. Accordingly, it is hereby

**ORDERED** that Defendant Rocky Brummett's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Record No. 350] is **DENIED**.

Dated: March 27, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky