UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 07-103-DCR |
| V. | ) ) | |
| ROCKY BRUMMETT, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Rocky Brummett has filed a motion requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 366] In support, he states that the warden of his facility, FCI Ashland, denied his request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (March 27, 2020). [*Id.* at p. 7] He also believes that the COVID-19 outbreak justifies compassionate release when considered alongside his underlying health conditions, the conditions at FCI Ashland, and the First Step Act of 2018's reforms regarding statutory enhancements for offenders with prior serious drug felonies. [*Id.* at pp. 4-9; *see also* Pub. L. 115-391, § 401(a), 132 Stat. 5194, 5220 (2018).] He further contends that exhaustion of administrative remedies for the purposes of compassionate release under § 3582(c)(1)(A) is not mandatory under the circumstances presented by COVID-19. [*Id.* at pp. 2-3]

The Court initially will address the CARES Act argument. Brummett does not explicitly request relief under the CARES Act, as he only directly seeks compassionate release. However, his primary argument in support of compassionate release is that the Bureau of

Prisons ("B.O.P.") denied his CARES Act home confinement request despite his belief that he should receive such relief. [*Id.* at pp. 2-4] Further, his motion, at times, requests home confinement. [*Id.* at p. 9] Thus, the Court will construe the pending motion as one for § 3582(c)(1)(A)(i) compassionate release (which he purports to request) as well CARES Act home confinement.

Brummett has attached documentation of his attempts to obtain CARES Act relief from the B.O.P., but the Court cannot grant home confinement. [Record No. 366-1, pp. 1-2] "[T]he CARES Act and the statute that generally provides for prerelease home confinement, 18 U.S.C. § 3624(c)(2), do not authorize district courts to grant such relief." *United States v. Blankenship*, No. 7:15-011-DCR-1, 2020 WL 2309245, at *2 (E.D. Ky. May 8, 2020). Instead, "[t]he Bureau of Prisons holds the sole authority to grant home confinement requests." *Id.* (citing *United States v. McCann*, No. 5: 13-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky. Apr. 17, 2020)). Therefore, insofar as Brummett requests relief under the CARES Act, the Court will deny the motion.

To the extent Brummett seeks § 3582(c)(1)(A)(i) relief, the Court will deny the motion for two reasons. First, Brummett has not exhausted administrative remedies. He previously filed a motion for a sentence reduction, and the Court in denying his motion explained that a defendant must exhaust administrative remedies under § 3582(c)(1)(A) before filing in district court. *United States v. Brummett*, No. 6: 07-103-DCR, 2020 WL 1492763, at *1-2 (E.D. Ky. March 27, 2020). In the pending motion, he has offered no argument or evidence that he has exhausted B.O.P. administrative remedies for his compassionate release request. In fact, he argues that exhaustion is unnecessary under the circumstances of the COVID-19 outbreak. [Record No. 366, pp. 2-3] This Court has consistently declined to waive the exhaustion

requirement on account of the COVID-19 pandemic. *Blankenship*, 2020 WL 2309245, at *1 (citing *United States v. Girod*, No. 5: 15-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020); *United States v. Cornett*, No. 7: 10-2-KKC, 2020 WL 1912211, at *2 (E.D. Ky. Apr. 20, 2020); *United States v. Washington*, No. 5: 13-020-DCR, 2020 WL 1873550, at *1 (E.D. Ky. Apr. 14, 2020); *United States v. Hofmeister*, No. 5: 16-13-KKC, 2020 WL 1811365, at *2 (E.D. Ky. Apr. 9, 2020)). Therefore, his request will be denied on exhaustion grounds.

Second, Brummett has failed to allege "extraordinary and compelling reasons" for relief as required by § 3582(c)(1)(A)(i). Again, the Court explained in its prior Order that Brummett cannot obtain a sentence modification under this statute unless he states grounds for relief that fall within narrow categories of extraordinary and compelling reasons under United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 n.1: "medical condition of the defendant," "age of the defendant," "family circumstances," or "other reasons" as determined by the B.O.P. *Brummett*, 2020 WL 1492763, at *2-3. The Court has already found that Brummett's First Step Act statutory enhancement reform and personal health-related arguments do not fall within these categories in its prior Order denying relief. *Id.* at *2. And although he has attached more medical records to the pending motion, none fall within the conditions prescribed by § 1B1.13 n.1. [*See* Record No. 366-1, pp. 5-8] Further, the conditions of FCI Ashland (which, according to Brummett, has no confirmed cases of COVID-19), the COVID-19 pandemic generally, and the denial of his request for home confinement are not extraordinary and compelling reasons for the purposes of § 1B1.13 n.1 and § 3582(c)(1)(a)(i). [Record No. 366, p. 8] Thus, his request for § 3582 relief will also be denied for this reason.

Accordingly, it is hereby

**ORDERED** that Defendant Rocky Brummett's motion, construed as a motion for CARES Act relief and compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) [Record No. 366], is **DENIED**.

Dated: June 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky