UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 6: 07-103-DCR |
| ) | |
| V. ) | |
| ) | |
| ROCKY BRUMMETT, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Rocky Brummett has filed a third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record 379] Unlike his previous two requests, this motion demonstrates that he has met Section 3582's exhaustion requirements by waiting thirty days after requesting relief from the warden where he is currently held. [Record No. 379-2, p. 1] But on the merits, Brummett still has not demonstrated that a sentence reduction would be appropriate. Accordingly, his motion will be denied.

**I.**

Brummett pleaded guilty to conspiracy to manufacture fifty grams or more of methamphetamine. [Record No. 187] He and his co-conspirators were involved in methamphetamine production in Laurel County, Kentucky, from June 17, 2005, to January 11, 2007. [*Id.*] At sentencing, the Court imposed a 240-month term of imprisonment. [Record No. 191] The Sixth Circuit affirmed in *United States v. Brummett*, 402 F. App'x 126 (6th Cir. 2010). Thereafter, Brummett has filed numerous requests for post-conviction relief, including three compassionate release motions.

This Court previously denied two of Brummett's compassionate release motions. The first motion was filed on March 9, 2020. [Record No. 350] The government opposed the request, arguing that Brummett had not established "extraordinary and compelling reasons." [Record No. 353] The Court denied the relief sought because Brummett had not exhausted administrative remedies. [Record No. 354] Alternatively, the Court held that relief should not be granted on the merits. [*Id.*] Brummett did not appeal this decision.

Instead, Brummett filed a second motion on May 26, 2020, adding COVID-19 vulnerability to his grounds for relief and requesting home confinement under the CARES Act. [Record No. 366] The Court again held that Brummett had not exhausted his administrative remedies and again, in the alternative, denied relief on the merits. [Record No. 367] The undersigned also held that the CARES Act does not authorize the Court to grant home confinement. [*Id.*] Brummett appealed, and the Sixth Circuit affirmed without addressing the merits of his motion. *United States v. Brummett*, No. 20-5626, 2020 WL 5525871 (6th Cir. Aug. 19, 2020). He has now filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [Record No. 379]

## II.

The Court does not write on a clean slate in assessing Brummett's current motion. The issues he raises have been addressed in prior rulings. [*See* Record Nos. 354 and 367.] However, to the extent that Brummett offers new evidence and new arguments, the Court will address them under the "substantive standards that constrain the district court's review of sentence modification motions." *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020).

Section 3582 provides limited authorization to reduce a term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). Specifically, it requires that a sentence reduction be justified by three

findings: "that 'extraordinary and compelling reasons' warrant a reduction; that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support the reduction." *Brummett*, 2020 WL 5525871, at *2 (citing 18 U.S.C. § 3582(c)(1)(A)).  The Court will weigh each of Section 3582's considerations.

First, Brummett has not demonstrated that "extraordinary and compelling reasons" justify his release.  Whether a reason is extraordinary and compelling is addressed by Section 1B1.13 of the United States Sentencing Guidelines.  Possible reasons include: (1) the defendant's terminal or debilitating medical condition; (2) the defendant's age, physical or mental deterioration, and time served; (3) the defendant's family circumstances; or (4) a reason identified by the Bureau of Prisons.  U.S.S.G. § 1B1.13 cmt. n.1.

Brummett does not argue in his present motion that any of the reasons listed in the policy statement apply to him.  Instead, he states that he "has underlying health conditions that make him vulnerable to COVID-19" and that he "was exposed to high volumes of friable asbestos particles while in custody, and no one knows the timeline or effect this exposure will have on his health in the future." [Record No. 379, pp. 4–5]  But he offers no evidence that he currently suffers from COVID-19 or any other unmanageable, debilitating, or terminal condition.  Under the policy statements, the risk of future illness is not sufficient to justify release.  *See United States v. Cundiff*, 2020 WL 4949692, at *2 (E.D. Ky. Aug. 24, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission")).

Brummett argues that the definitions in U.S.S.G. § 1B1.13 do not apply to compassionate-release motions brough directly by defendants. [Record No. 379-1, pp. 1–2] And some courts have made this determination. *See, e.g.*, *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712 (2d Cir. Sept. 25, 2020); *United States v. Vigneau*, No. 97-cr-33-JJM-LDA, 2020 WL 4345105 (D.R.I. July 21, 2020). The Sixth Circuit, however, has not. *See, e.g.*, *United States v. Coffman*, No. 20-5602, 2020 U.S. App. LEXIS 30009, at *5 (6th Cir. Sept. 18, 2020) ("[W]e need not decide whether the First Step Act expanded the authority of district courts to consider under subdivision (D) reasons that are neither listed in the policy statement nor determined by the BOP as extraordinary and compelling."). Until directed otherwise, this Court will continue to rely on Section 1B1.13 to determine whether a defendant has offered "extraordinary and compelling reasons" to justify release.

But even if courts are not limited to Section 1B1.13's definitions when evaluating compassionate-release motions, they would remain a useful reference for defining "extraordinary and compelling reasons." The reasons listed in the policy statement have something in common: they are life-altering illnesses or events that presently impact the inmate and/or his spouse, partner, or minor children. If an inmate contracts COVID-19, it is possible that the illness could present a similar situation. But standing alone, the risk of contracting COVID-19 does not justify release from prison under Section 3582. While the undersigned is sympathetic to legitimate concerns relating to the COVID-19 pandemic, the Court declines to expand the definition of "extraordinary and compelling" broadly enough to include the risk of a future illness. Brummett's motion will be denied on the merits.

Denial on the merits is also supported by application of the 3553(a) factors. Even if extraordinary and compelling reasons justified release, Brummett must demonstrate that the

Section 3553(a) factors support a sentence reduction and that he "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13 (referencing 18 U.S.C. § 3142(g)). In its prior ruling, the Court reviewed Brummett's criminal history and noted that he "remains a danger to others and the community . . . [and] does not offer any argument to the contrary." [Record No. 354, p. 7] In his present motion, Brummett has shown that he poses no danger to the safety of others or the community. [*See* Record No. 379, pp. 7–9.] He has achieved sobriety, (allegedly) has found religious faith, and has been commended for his work performance. [*Id.*] It is clear from the record that Brummett has made admirable progress while incarcerated and appears to have reduced his danger to others.

However, the Court must also consider the Section 3553(a) factors, which do not support a sentence reduction for reasons outlined in the Court's March 27, 2020, ruling. [Record No. 354] As Brummett acknowledges, he has "a lengthy and rough criminal history, and this cannot be changed." [Record No. 379, p. 7] The seriousness of Brummett's offense— a long-term methamphetamine-manufacturing conspiracy—and the need for the sentence imposed weigh against his release. And evidence of Brummett's rehabilitation efforts does not outweigh the need to promote respect for the law, afford adequate criminal deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(A)–(C). Additionally, as the Court noted in a prior ruling, Brummett's 240-month sentence does not cause any unwarranted sentencing disparity. [Record No. 354, pp. 9–10] Accordingly, even if Brummett presented "extraordinary and compelling reasons" for release, a sentence reduction would not be appropriate.

Accordingly, it is hereby

**ORDERED** that Defendant Rocky Brummett's renewed motion for a sentence reduction under 18 U.S.C. § 2582(c)(1)(A)(i) [Record No. 379] is **DENIED**.

Dated: October 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky