UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 07-103-DCR |
| V. | ) ) | |
| ROCKY BRUMMETT, | ) ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

**** **** **** ****

The Bureau of Prisons has placed Defendant Rocky Brummett on home confinement. Brummett has an extensive history of filing 18 U.S.C. § 3582(c)(1)(A)(i) compassionate release motions. He filed his sixth such motion on February 24, 2022. [Record No. 409] In essence, he argued that his conditions of home confinement were too restrictive and that a sentence reduction was necessary so that he could care for family members and fully reenter society. [*See id.*; Record No. 409-1.]

After receiving a response from the United States on March 10, 2022 [Record No. 412], the Court denied the motion in a Memorandum Opinion and Order entered on March 14, 2022. [Record No. 413] Specifically, the undersigned concluded that: (1) Brummett did not exhaust his administrative remedies as required by statute; (2) the defendant presented no extraordinary and compelling reasons for relief; and (3) the 18 U.S.C. § 3553(a) factors continued to weigh against a sentence reduction. [*See id.*]

Brummett has now submitted a reply in support of his prior motion, which is postmarked March 17, 2022, and was filed by the Clerk on March 21, 2022. [Record No. 414]

It is not entirely clear whether the defendant received the March 14, 2022 Memorandum Opinion and Order prior to submitting his most recent filing, but the document is framed as a reply and does not address the Court's analysis.

Regardless, nothing in the most recent filing substantively questions that analysis. Brummett largely reiterates his earlier arguments, which the Court has already addressed in detail. He does appear to offer one new argument that his "age and health limits his length of time to rebuild his life and future." [Record No. 414, p. 1] He also asserts that "age is a factor in whether an inmate will commit another crime against society." [*Id.*]

Relief is not warranted to the extent he seeks a sentence reduction on these grounds. First, the defendant does not rebut the government's exhaustion argument. Further, he fails to offer any extraordinary and compelling reasons for relief. Brummett's age, 56, is advanced but unremarkable. [*See* Record No. 374, p. 2.] And he offers no evidence of current medical conditions that might, potentially, serve as a basis for a sentence reduction. His failure to do so constitutes a ground to deny relief. *See United States v. Elias*, 984 F.3d 516, 520-21 (6th Cir. 2021).

Additionally, the Court may consider the nonbinding "Medical Condition of the Defendant" and "Age of the Defendant" criteria set forth in U.S.S.G. § 1B1.13 n. 1 when evaluating whether extraordinary and compelling reasons warrant a sentence reduction. *See United States v. Tomes*, 990 F.3d 500, 503 n. 1 (6th Cir. 2021). Brummett has not come close to meeting these criteria. And ultimately, the reply does not offer any information or evidence from which the Court could conclude that his circumstances are "extraordinary," *i.e.*, "most unusual," "far from common," and "having little or no precedent," or "compelling," *i.e.*, "forcing, impelling, driving," for the purposes of § 3582(c)(1)(A)(i). *See United States v.*

*Hunter*, 12 F.4th 555, 562 (citing Webster's Third New International Dictionary: Unabridged 463, 807 (1971)).

Finally, the Court's conclusion that the § 3553(a) factors weigh against a sentence reduction remains unchanged. Brummett's undeveloped argument concerning the likelihood of recidivism at his age may have merit in other circumstances, but his own extensive criminal history began at the age of 32 and he committed the present offense when he was over 41 years old. [*See* Record No. 374, ¶¶ 6-7, 94-102.] The § 3553(a) factors, on balance, favor maintaining the defendant's sentence for the reasons stated in the March 14, 2022, Memorandum Opinion and Order even if one considers his age.

Accordingly, it is hereby

**ORDERED** that Defendant Rocky Brummett's reply in support of his motion for compassionate release [Record No. 414] is **DENIED** to the extent it affirmatively seeks a sentence reduction.

Dated: March 21, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky